IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN

The Huntington National Bank,
successor by merger to TCF National
Bank and Chemical Bank,

    Plaintiff,

vs

Abcor Partners, LLC, a Michigan limited
liability company, Jay T. Weis and
Christine C. Weis,

    Defendants.

Case No. **1:23-cv-1015**
Hon.
Mag. Judge

_____

## COMPLAINT

Plaintiff, The Huntington National Bank ("**Huntington**"), successor by merger to TCF National Bank ("**TCF**") and Chemical Bank ("**Chemical**"), through its attorneys, Plunkett Cooney, for its Complaint, states:

### COMMON ALLEGATIONS

1. Plaintiff Huntington is a national banking association which is a citizen of Ohio, and which maintains its principal offices at 41 South High Street, Columbus, Ohio.

2. Huntington is the successor by merger to TCF, which was the successor by merger to Chemical.

3.  Defendant Abcor Partners, LLC ("**Abcor**") is a Michigan limited liability company, which is a citizen of Michigan, maintaining its principal offices at 4690 128th Avenue, Holland, Michigan, and whose resident agent is Jay T. Weis ("**Jay Weis**").

4.  Defendants Jay Weis and Christine C. Weis ("**Christine Weis**," and collectively with Jay Weis, the "**Weises**") are individuals who are each a citizen of Michigan, maintaining a domicile at 719 Plymouth Ave. SE, East Grand Rapids, Michigan.

5.  Jurisdiction over this matter properly rests within this Honorable Court pursuant to 28 U.S.C. §1332(a)(1).  The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

## COUNT I

### BREACH OF THE NOTES AND FORBEARANCE AGREEMENT

7.  Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

8.  On December 14, 2017, Abcor executed promissory notes in favor of Chemical, which are now held by Huntington, in the respective principal sums of $1,100,000.00 ("**Note A**") and $600,000.00, each as amended from

time to time ("**Note B**," and together with Note A, the "**Notes**").  **Exhibits 1 and 2**.

9. Abcor failed to repay the outstanding balances owed pursuant to the Notes as and when agreed.

10. Upon such failure, Abcor, Jay Weis and Chemical executed a Forbearance Agreement dated effective as of May 6, 2019, pursuant to which Chemical agreed to refrain from the exercise of its then available rights and remedies, which was modified by a First Amendment to Forbearance Agreement dated February 5, 2020, and by a Forbearance Agreement dated effective as of March 1, 2021 (collectively, the "**Forbearance Agreement**"). **Exhibits 3, 4 and 5**.

11. Abcor failed to repay the balances owed pursuant to the Notes upon the expiration of the Forbearance Agreement, despite therefor having been made.

12. As of September 22, 2023, a principal balance of $885,702.00 was owed by Abcor to Huntington pursuant to Note A, together with unpaid interest of $90,573.96, and fees of $3,419.00, for a total of $979,694.96, exclusive of additionally contractually agreed upon costs and fees.

13. As of September 22, 2023, a principal balance of $429,313.08 was owed by Abcor to Huntington pursuant to Note B, together with unpaid

3

interest of $80,304.27, and late charges of $11,737.91, for a total of $521,355.26, exclusive of additional contractually agreed upon costs and fees.

14. Pursuant to the terms of the Notes, Abcor agreed to reimburse Chemical (and now Huntington) for its costs and attorneys' fees incurred in conjunction with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against Abcor in the sum of $1,501,050.22, together with additional interest, costs and attorneys' fees incurred in conjunction with the administration of the loan relationship, and interest from and after July 26, 2023.

## COUNT II

### **BREACH OF THE GUARANTY**

15. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

16. In consideration of the extensions of credit to Abcor, on December 14, 2017, Jay Weis executed a Commercial Guaranty of repayment of the indebtedness of Abcor to Chemical, which is now held by Huntington (the "**Guaranty**"). **Exhibit 6**.

17. As set forth above, Abcor is in default of its obligations to Huntington pursuant to the Notes.

18. Jay Weis has failed to honor the terms of the Guaranty.

19. As of September 22, 2023, an aggregate principal balance of $1,315,015.08 was owed by Jay Weis pursuant to the Guaranty of the Notes, together with unpaid interest of $170,878.23, fees of $3,419.00, and late charges of $11,737.91, for a total of $1,501,050.22, exclusive of additional contractually agreed upon costs and fees.

20. Pursuant to the terms of the Guaranty, Jay Weis agreed to reimburse Chemical, and now Huntington, for all costs and fees incurred in connection with the enforcement of its rights thereunder.

WHEREFORE, Huntington prays that this Honorable Court enter judgment in its favor and against Jay Weis in the sum of $1,501,050.22, together with its costs and attorneys' fees incurred in conjunction with the collection of the amounts due thereunder, and interest from and after September 22, 2023.

## COUNT III

## CLAIM AND DELIVERY

21. Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

22. In consideration of the extensions of credit, and to secure the repayment of all of its indebtedness to Chemical, on each of January 15, 2016

and December 14, 2017, Abcor executed a Commercial Security Agreement in favor of Chemical (the "**Security Agreements**"), which are now held by Huntington, granting a security interest in and upon all of its assets (the "**Collateral**"). **Exhibits 7 and 8**.

23. The security interest of Chemical (and now Huntington) upon the Collateral was properly perfected, as evidenced by the filing of financing statements with the Michigan Secretary of State. **Exhibit 9**.

24. As set forth in Count I above, Abcor has failed to repay the balances owed pursuant to the Notes as and when agreed.

25. Abcor has ceased its business operations.

26. Under the terms of the Security Agreements and M.C.L. §440.9609, Huntington is entitled to possession of the Collateral upon the default of Abcor.

27. The Collateral consists of independent pieces of property.

28. Upon information and belief, the value of the Collateral is $230,000.00.

WHEREFORE, Huntington prays that this Honorable Court enter an order:

    A.    Directing Abcor to surrender possession of the Collateral to it forthwith, or directing the U.S. Marshal to seize the Collateral, and to deliver it to Huntington pending final judgment; or, in the alternative,

    B.    Requiring Abcor to furnish a penalty bond payable to Huntington in an amount equal to twice the value of the Collateral; and,

    C.    Enjoining Abcor and all those acting in concert with it from damaging, destroying, concealing, or using so as to substantially impair the value of the Collateral, subject to the further order of the Court; and,

    D.    Granting Huntington such other relief as the Court shall deem just and appropriate.

## COUNT IV

## **JUDICIAL FORECLOSURE**

29.    Huntington incorporates the foregoing paragraphs by reference with the same force and effect as if fully repeated.

30.    In consideration of the extensions of credit, and to secure the performance of the Guaranty, on September 22, 2016, the Weises executed a mortgage in favor of Chemical, which is now held by Huntington, encumbering real property commonly known as 719 Plymouth Avenue SE, East Grand Rapids, Michigan (the "**Property**"), which was recorded by the Kent County Register of Deeds on February 1, 2016 as Document 20161017-0091056, as

modified by a Mortgage Amendment executed by the Weises and TCF, which was recorded by the Kent County Register of Deeds on February 18, 2020 as Document 202002180014456 (collectively, the "**Mortgage**").  **Exhibits 10 and 11**.

31. In consideration of the accommodations made in the Forbearance Agreement, Jay Weis reaffirmed the validity and enforceability of the Mortgage.  *See* Exhibit 3 at Recital G, Exhibit 5 at Recital I.

32. Upon the default of Abcor, Huntington has the right to foreclose the Mortgage, either by advertisement or judicially.

33. No proceeding at law has been instituted to recover the debt evidenced by the Notes and Guaranty and secured by the Mortgage, or any part of it, and no part of the debt has been collected or paid.

34. The legal description of the Property is:

> Land situated in the City of East Grand Rapids, Kent County, Michigan described as:
>
> Lot 17, The Benjamin Boulevard Plat in the Village (now City) of East Grand Rapids, Kent County, Michigan, as recorded in Liber 19 of Plats, Page 29.
>
> Tax I.D. No. 41-14-33-155-023

**WHEREFORE**, Huntington prays that this Honorable Court:

  A. Determine the amount due to Huntington pursuant to the Notes and the Guaranty, and enter a judgment for such amount in favor of Huntington and against Abcor and Jay Weis, jointly and severally, together with its expenses, actual attorney fees and other costs; and,

  B. Upon the failure of Abcor and Jay Weis to pay such amount to Huntington, order that the Property be sold at public sale to the highest bidder, pursuant to the applicable statutes; and,

  C. Provide that, subsequent to the foreclosure sale, and the running of any period of redemption, upon the failure of Abcor and Jay Weis to pay the indebtedness determined by this Court to be due to Huntington, Jay Weis and Christine Weis and all parties claiming from or under them be foreclosed and barred from any and all equity of redemption and all claims of, in and to the Property; and,

  D. Order Jay Weis and Christine Weis and all parties claiming from or under them, or who have otherwise come into possession of the Property or any portion thereof, during the pendency of this suit, to deliver and yield possession of the Property upon production or authentication of the deed to be executed pursuant to such sale, and a certified copy of the order of judgment confirming the report of such sale, after such order of judgment has become absolute; and,

E.      Order the net proceeds received from such public sale to be paid to Huntington in satisfaction, or in partial satisfaction, of the amount determined to be due to Huntington pursuant to the Notes and Guaranty, with any surplus realized from the sale to be disposed of and distributed as the Court may direct; and,

F.      Grant Huntington such other relief as may be deemed fair and equitable.

          Plunkett Cooney

          By:  /s/Douglas C. Bernstein (P33833)
          Douglas C. Bernstein (P33833)
          Attorneys for Plaintiff
          38505 Woodward Avenue
          Suite 100
          Bloomfield Hills, MI 48304
          (248) 901-4000
          dbernstein@plunkettcooney.com

          Lisa A. Hall (P70200)
          333 Bridge St. NW
          Suite 530
          Grand Rapids, MI 49504
          (616) 752-4615
          lhall@plunkettcooney.com

Dated:  September 25, 2023

Open.01491.24173.31515785-1